FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 21 2019
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID KEEN,
    Plaintiff,

v.      Case No.: 5:19cv330-BRW

MBK, INC.

## COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-101, et seq., ("AFDCPA") by MBK, Inc. ("Defendant").

2. Defendant is subject to the collection laws of the state of Arkansas because it does business here and purposefully directed its conduct at this state by communicating with Plaintiff.

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiffs reside in this State and this District.

## PARTIES

6. Plaintiff is an adult individual residing in Sheridan, Arkansas.

7. Defendant is a Tennessee corporation operating from Murfreesboro, Tennessee.

1

8. Defendant is not registered to do business in Arkansas but can be served in the state of Tennessee via its registered agent, Mike Stalnaker, at 240 Glenis Dr., Murfreesboro, TN 37129 or in accordance with Arkansas or Tennessee law.

## FACTUAL ALLEGATIONS

9. Plaintiff is or was allegedly obligated on a dishonored personal check ("Account") that was written to pay for veterinarian services for his pet. The Account was not used to make commercial or business purchases whatsoever.

10. The Account allegedly defaulted in 2018.

11. The Account originated with an entity other than any of the defendants and went into default prior to being sold or otherwise transferred to defendants for collection.

12. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4).

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

14. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

15. The principal purpose of Defendant is the collection of dishonored checks, which are debts, directly or indirectly, using the mails and telephone and other means.

16. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

17. During the one year prior to the date of the filing of this Complaint, Defendant spoke with Plaintiff on the telephone on or about April 5, 2019.

18. During the phone call referenced, Defendant told Plaintiff that it was legal for Defendant to collect from Plaintiff, who Defendant knew lived in Arkansas and specifically told Plaintiff that it was "legal" for Defendant to collect "in all 50 states."

19. When Defendant said this to Plaintiff, Defendant was not licensed to collect consumer debts in Arkansas.

20. In fact, when Defendant said this to Plaintiff, there were other states other than Arkansas in which Defendant was not licensed to collect, and thus it was not legal for Defendant to collect "in all 50 states."

21. Telling Plaintiff that it was legal for Defendant to collect from Plaintiff, when, in fact, Defendant was not licensed to collect from Plaintiff, a resident of Arkansas, was misleading and false.

22. Further, telling Plaintiff that it was legal for Defendant to collect "in all 50 states," when, in fact, Defendant did not have authority to collect "in all 50 states," was misleading and false.

23. The statements by Defendant to Plaintiff would cause the least sophisticated consumer to believe that Defendant was authorized by law to collect from Arkansas residents, when, in fact, Defendant was not so authorized.

24. As of the filing of this Complaint, Defendant still does not have a valid license to collect from residents of Arkansas.

25. Defendant's purpose for all of the communications with Plaintiff described above and all others was to attempt to collect the Account.

## **RESPONDEAT SUPERIOR**

26. The representative(s) and/or collector(s) at Defendant were employee(s) and/or agent(s) of Defendant at all times mentioned herein.

27. The representative(s) and/or collector(s) at Defendant were acting within the course and/or scope of their employment at all times mentioned herein.

28. The representative(s) and/or collector(s) at Defendant were under the direct supervision and/or control of Defendant at all times mentioned herein.

29. The actions of the representative(s) and/or collector(s) at Defendant are imputed to their employer, Defendant.

## **COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY MBK, INC.**

30. The previous paragraphs are incorporated into this Count as if set forth in full.

31. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(10).

32. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant.

## **COUNT II: VIOLATIONS OF THE ARKANSAS CODE ANNOTATED BY MBK, INC.**

33. The previous paragraphs are incorporated into this Count as if set forth in full.

34. The act(s) and omission(s) of Defendant and its respective representative(s), employee(s) and/or agent(s) violated Ark. Code Ann. § 17-24-506(a)&(b)(2)&(10).

35. Pursuant to Ark. Code Ann. § 17-24-512, Plaintiffs seek damages, reasonable attorney's fees and costs from Defendant.

## JURY TRIAL DEMAND

36. Plaintiff is entitled to and hereby demand a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

37. Judgment in favor of Plaintiff and against MBK, Inc. as follows:

   a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   b. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   c. Statutory damages in the amount of $1,000.00 pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A);

   d. Reasonable attorneys fees and costs pursuant to Ark. Code Ann. § 17-24-512(a)(3)(A); and

   e. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, AR Bar No. 2006164
11610 Pleasant Ridge Rd.
Suite 103-PMB 208
Little Rock, AR 72227
Telephone: (682) 651-7599
Facsimile: (888) 598-9022
jeff@jeffwoodlaw.com
ATTORNEYS FOR PLAINTIFF